UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JERREL CHARLES KEELEY,<br><br>    Defendant. | Case No. 1:17-cr-138-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Keeley's motion for compassionate release. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

On June 14, 2017, Keeley pleaded guilty to one count of possessing child pornography. On November 14, 2017, the Court sentenced him to a term of 84 months in prison, followed by a term of five years of supervised release. Without compassionate release, the BOP projects that he will be released on December 14, 2023.

Keeley seeks compassionate release from his sentence of incarceration. The Government and the Probation Office object to the motion.

## LEGAL STANDARD

Keeley brings this motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). A motion for compassionate release may be made by either the Director of the Bureau of Prisons or by a defendant who has fully exhausted administrative

**Memorandum Decision & Order – page 1**

remedies within the Bureau of Prisons (BOP).  In order to modify a sentence and grant compassionate release, a district court must engage in a three-step process. First, it must consider the 18 U.S.C. § 3553(a) factors. Second, the court must find that "extraordinary and compelling reasons warrant such a reduction." See 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has determined that "extraordinary and compelling reasons" to release a defendant from BOP custody include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.  See USSG § 1B1.13. Third, the Court must find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." See 18 U.S.C. § 3582(c)(1)(A).

## ANALYSIS

Keeley, a 62-year-old man living with stage III (severe) chronic obstructive pulmonary disease (COPD), high blood pressure, and other chronic health problems including high cholesterol, Hepatitis C, kidney stones, and an enlarged prostate.  He is clearly at high risk to suffer serious illness if he contracts the COVID-19 virus.

However, Keeley has not exhausted his administrative remedies with the BOP, which is a jurisdictional defect.  He argues, however, that there are no administrative remedies to exhaust.  He is in a non-BOP private prison that has no administrative procedure for filing a motion for compassionate release.  Even if that was a reason to overlook the failure to exhaust, the motion must be denied for several other reasons.

**Memorandum Decision & Order – page 2**

First, Keeley has only served 28 months of his 84 month sentence. Granting his motion would release him more than 3 years early.

Second, he seeks release to a rescue mission in Fresno California where his risk of contracting the virus would be at least as great as it is now. He is currently housed at the Nevada Southern Detention Facility (NSDF). That facility is isolating prisoners like Keeley that meet the CDC guidelines for high risk do to age or health conditions in their own unit with limited contact to staff and other prisoners. *See Carpenter Affidavit (Dkt. No. 32-2)* at ¶ 6(n). The isolation cells include negative air pressure cells. *Id.* at ¶ 6(f).

Third, the Court cannot find that "the defendant is not a danger to the safety of any other person or to the community." The defendant has a sexual attraction to minors. He sexually abused a sixteen year old, and was convicted of felony injury to a child, for which he was sentenced to 10 years in prison. *See* Presentence Investigation Report (PSR) at ¶ 53 (Dkt. No. 20). During the investigation into the instant offense, investigators discovered images of the prior abuse victim, images the defendant had manipulated to include captions referring to the sexual abuse he had committed. The instant offense involved the defendant's possession of images and videos of child pornography, including depictions of prepubescent minors and toddlers, and images showing sadistic and masochistic abuse.

During his 28 months in prison, the defendant spent most of his time at FCI-Sheridan, until he was transferred to Nevada facility in March of 2020. While at FCI-Sheridan, his records show that he did not attend any type of sex offender treatment. *See Records (Dkt. No. 32-2)*. His failure to seek any treatment diminishes any confidence the

**Memorandum Decision & Order – page 3**

Court might have in the psychosexual report concluding that he is a low risk to reoffend. Given his history, his demonstrated sexual attraction to minors, his lack of treatment, and his proposal for release, the defendant will pose a significant danger to children in the community of his release, and wherever he then travels.

For all these reasons, the motion will be denied.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for compassionate release (docket no. 31) is DENIED.

DATED: June 1, 2020

B. Lynn Winmill
U.S. District Court Judge